1  S. CHRISTOPHER YOO (CA Bar No. 169442)
   cyoo@alvaradosmith.com
2  SASAN MIRKARIMI (CA Bar No. 260144)
   smirkarimi@alvaradosmith.com
3  ALVARADOSMITH
   A Professional Corporation
4  1 MacArthur Place, Suite 200
   Santa Ana, California 92707
5  Tel: (714) 852-6800
   Fax: (714) 852-6899
6
7  Attorneys for Defendant
   JPMORGAN CHASE BANK, N.A.,
8

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cosme Rafael Sibrian<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., A NEW YORK CORPORATION; QUALITY LOAN SERVICES, A CALIFORNIA CORPORATION; AND DOES 1-10<br><br>Defendants | **CASE NO.: CV11-02903 VBF SSx**<br><br>**JUDGE:** Valerie Baker Fairbank<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>Date: August 22, 2011<br>Time: 1:30 P.M.<br>Ctrm: 11<br><br>**Action Filed:** April 6, 2011 |

1
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
1217738.2

# TABLE OF CONTENTS

Page

I.   PLAINTIFF CANNOT STATE A CLAIM FOR VIOLATION OF SECURITY FIRST RULE- CAL. C.C.P. §726 ...............................................1

II.  PLAINTIFF CANNOT STATE A CLAIM FOR WRONGFUL FORECLOSURE ...............................................................................2
   A.  Defendant Had the Authority to Proceed with Foreclosure ..............2
   B.  Plaintiff Cannot Allege Any Cognizable Irregularity with the Notice of Default or Any Violation of Civil Code § 2923.5 ..............3
   C.  Plaintiff Fails to Allege the Proper Tender or Offer Sum to Cure the Default ..............................................................................4

III. PLAINTIFF CANNOT STATE A CLAIM FOR QUIET TITLE .................5

IV.  PLAINTIFF CANNOT STATE A CLAIM FOR BREACH OF ORAL CONTRACT OR BREACH OF CONTRACT ..............................................6

V.   PLAINTIFF CANNOT STATE A CLAIM FOR PROMISSORY ESTOPPEL .................................................................................................8

VI.  PLAINTIFF CANNOT STATE A CLAIM FOR NEGLIGENCE ................9

VII. PLAINTIFF CANNOT STATE A CLAIM FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ...............10

VIII. PLAINTIFF CANNOT STATE A CLAIM FOR UNFAIR PRACTICES UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200 ....................................................................................11

IX.  PLAINTIFF'S REMAINING CLAIMS FAIL AS PLAINTIFF FAILED TO PROPERLY REFUTE THE MOTION TO DISMISS THESE CLAIMS ......................................................................................................12

X.   CONCLUSION ..........................................................................................12

# TABLE OF AUTHORITIES

Page

**Cases**

Aguilar v. Bocci, 39 Cal.App.3d 475 (1974) .................................................................5

Arnolds Management Corp. v. Eischen, 158 Cal.App.3d 575, 578 (1984)...................5

Birman v. Loeb, 64 Cal.App.4th 502, 508-509 (2d Dist. 1998) .....................................1

FPCI Re-Hab 01 v. E & G Investments, 207 Cal.App.3d 1018, 1020 (1989)..............4

FPI Dev., Inc. v. Nakashima, 231 Cal.App.3d 367, 383 (1991).....................................7

Gautier v. General Tel. Co., 234 Cal.App.2d 302, 305 (1965).......................................7

Homestead Sav. v. Darmiento, 230 Cal. App. 3d 424 (1991) .......................................2

Karlsen v. American Savings & Loan Association, 15 Cal.App.3d 112 (1971).............4

Karlsen v. American Savings And Loan Association, 15 Cal.App.3d 112, 121 (1971) 7

Khoury v. Maly's of California, 14 Cal.App.4th 612, 619 (1993) ...............................11

Khoury v. Maly's of California, 14 Cal.App.4th 612, 619 (1993). ...............................11

Mabry, et al. v. The Superior Court of Orange County, 185 Cal.App.4th 208 (2010). ..3

Medeiros v. Medeiros, 177 Cal. App. 2d 69 (3d Dist. 1960) .........................................5

Mendoza v. City of Los Angeles, 66 Cal.App.4th 1333, 1339 (1998) ..........................9

Microsoft Corp. v. A-Tech Corp, 855 F. Supp. 308, 313 (C.D. Cal. 1994)..................11

Moeller v. Lien, 25 Cal. App. 4th 822 (1994).................................................................2

Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal.App.3d 1089, 1095 (1991).......9

Perkins v. Wakeham, 86 Cal. 580 (1890) ......................................................................5

Price v. Wells Fargo Bank, 213 Cal.App.3d 465, 476 (1989)........................................9

Secrest v. Security Nat. Mortg. Loan Trust 2002-2, 167 Cal.App.4th 544, 547 (2008)..6

Stafford v. Russell, 117 Cal.App.2d 326, (1953) ..........................................................6

Thomson v. International Alliance of Stage Employees, 232 Cal.App.2d 446, 454
   (1965) ..........................................................................................................................9

Thomson v. Thomson, 7 Cal. 2d 671 (1936); ................................................................5

United States Cold Storage v. Great Western Savings & Loan Association, 165

# TABLE OF AUTHORITIES

Page

Cal.App.3d 1214 (1985).................................................................................................4

**Statutes**

§ 10:162-10:167..............................................................................................................2

§§ 10:168 -10:177...........................................................................................................2

Cal. Civ. Code
   §§ 2924.......................................................................................................................3

Cal. Civ. Code § 1788..................................................................................................11

Cal. Civ. Code §2924(a)(1)............................................................................................3

California Civil Code §1788.17...................................................................................11

California Civil Code Section 1698...............................................................................7

Civ. Code § 1788.1.......................................................................................................11

Civ. Code § 1788.12.....................................................................................................11

*Civil Code* §§ 1788, et seq. .........................................................................................11

**Other Authorities**

*Miller & Starr, Calif. Real Estate 4*$^{th}$ *ed.* "Deeds of Trust", section 10:212, pg. 653-654...................................................................................................................................2

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

Defendant JPMorgan Chase Bank, N.A., ("JPMorgan" or "Defendant") respectfully submits the following Reply Memorandum of Points and Authorities in response to the Opposition to Motion to Dismiss ("Motion") the Complaint of Plaintiff Cosme Rafael Sibrian ("Plaintiff") pursuant to Federal *Rules of Civil Procedure* ("FRCP"), Rule §12(b)(6) on the ground the Complaint fails to state a claim upon which relief can be granted.

### I. PLAINTIFF CANNOT STATE A CLAIM FOR VIOLATION OF SECURITY FIRST RULE- CAL. C.C.P. §726

Defendant clearly set forth in its Motion to Dismiss that to establish a violation of the "security first" rule, one must establish that a beneficiary takes some "action" for recovery of the debt without a foreclosure of the security. *See, Miller & Starr, Calif. Real Estate* Cal. Real Est. (3d 2009), *at* § 10:162-10:167. As to the security-first aspect, the beneficiary cannot take action to enforce the security without including all of the security for the debt. *Id.* at §§ 10:168 -10:177. Plaintiff's opposition does nothing to support a finding that Defendant took any "action" to enforce the security without including all of the security of the debt. In fact, the opposition confirms that Plaintiff's claim is based upon Defendant's alleged acceptance of trial plan payments under a trial loan modification plan. *See* Plaintiff's Opposition, 22:16-23. However, Plaintiff's opposition fails to offer any argument as to how the acceptance of trial plan payments under a trial modification constitute a "setoff" of the underlying debt. Even if had, Plaintiff has made no allegation that the alleged "setoff" resulting from trial plan payments included the involvement of the Court or constituted a judicial "proceeding." Yet, <u>an action requires that the beneficiary commence judicial proceedings; a nonjudicial remedy is not an action</u>. *See, Walker v. Community Bank*, 10 Cal.3d 729, 736 (1974); *Birman v. Loeb*, 64 Cal.App.4th 502, 508-509 (2d Dist. 1998).

///

Therefore, Plaintiff cannot state a claim for violation of the "security first" rule against Defendant and this claim is subject to dismissal without leave to amend.

## II. PLAINTIFF CANNOT STATE A CLAIM FOR WRONGFUL FORECLOSURE

Plaintiff ineffectively argues in the Opposition that "the foreclosure sale went forward even though the foreclosing party did not have the legal authority to do so," "the trustee acted before it had the legal authority to do so", and that Plaintiff was not given notice of the foreclosure because Defendant "promised to postpone the foreclosure sale if Mr. Sibrian applied for a loan modification . . . " *See* Opposition, 14:21-18, 23:4-15. Plaintiff references such conclusory allegations without providing any additional facts or law establishing any failure by Defendant to comply with California's statutory framework for nonjudicial foreclosures. As established in the Motion to Dismiss, Plaintiff cannot challenge Defendant's authority to foreclose or its compliance with California Civil Code Section 2924, et seq.

### A. Defendant Had the Authority to Proceed with Foreclosure

Again, the legal framework governing those nonjudicial foreclosures or trustee's sales is found in California *Civil Code* §§ 2924 – 2924i, which is the "the comprehensive statutory framework established to govern nonjudicial foreclosure sales" and "is intended to be exhaustive." *Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994); *see also Homestead Sav. v. Darmiento*, 230 Cal. App. 3d 424, 432-433 (1991). That statutory scheme specifically provides that the foreclosure process may be conducted by the "trustee, mortgagee or beneficiary or any of their authorized agents" and a person authorized to record the notice of default or the notice of sale includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." Cal. Civ. Code §§ 2924(a)(1) and 2924b(b)(4) (emphasis added); *see also Moeller*, 25 Cal. App. 4th at 830 ("Upon default by the trustor, the

1 beneficiary may declare a default and proceed with a nonjudicial foreclosure sale."
2 (emphasis added)).

3   Here, the DOT contains a power of sale in case of Plaintiff's failure to comply
4 with the Loan. See RJN, Exhibit 1, ¶ 22. JPMorgan was both the loan servicer and
5 beneficiary under the DOT as the successor to WaMu in connection with the subject
6 Loan. See RJN, Exhibits 1-4. Accordingly, JPMorgan, as the loan servicer and
7 beneficiary, had the authority to foreclose upon Plaintiff's default on the Loan.
8 Plaintiff's opposition fails to submit any facts or law to support a failure by Defendant,
9 or any of its agents, in complying with California Civil Code 2924. Instead, Plaintiff
10 relies upon inapplicable arguments with no relation to California's comprehensive
11 statutory framework for nonjudicial foreclosures. See Opposition, 23:9-15. Further,
12 Plaintiff cannot support his claim for wrongful foreclosure on the basis of a Civil
13 Code 2923.5 violation.

14   **B.   Plaintiff Cannot Allege Any Cognizable Irregularity with the Notice**
15   **of Default or Any Violation of Civil Code § 2923.5**

16   Plaintiff's contention that Defendant has not complied with Civ. Code § 2923.5
17 ("Section 2923.5) remains unavailing. The recorded NOD, that is proper for judicial
18 notice, includes a statement regarding compliance with Section 2923.5. See RJN,
19 Exhibit 3. In this regard, the court in *Mabry* held that a declaration for purposes of
20 Section 2923.5 need not be under penalty of perjury and is compliant even though it
21 tracks the statutory language of said statute. See *Mabry, et al. v. The Superior Court*
22 *of Orange County,* 185 Cal.App.4th 208 (2010). Indeed, as the *Mabry* court noted, if
23 the Legislature had demanded that the declaration be under penalty of perjury, it knew
24 how to so specify. *Id.* at 219-220. Accordingly, the language in the NOD
25 demonstrates that Defendant complied with the requirements under Section 2923.5.
26   Finally, and more importantly, the only remedy for alleged violation of Section
27 2923.5 is postponement of foreclosure. See *Mabry, supra* at 213. Here, the Subject
28 Property has already been foreclosed upon. See RJN, Exhibit 6. Therefore, Plaintiff

is not entitled to any relief under the claim for violation of Section 2923.5

Since Plaintiff's contentions that the NOD does not comply with Section 2923.5 fail, Plaintiff's claim for Wrongful Foreclosure predicated under this theory likewise necessarily fails.

### C. Plaintiff Fails to Allege the Proper Tender or Offer Sum to Cure the Default

Additionally, to the extent that Plaintiff seeking equitable relief as to the improperness of the foreclosure proceeding, such efforts must fails as Plaintiff does not make a full and valid tender as to the amount sufficient to cure the default. A condition precedent to "any cause of action" arising from an alleged improper foreclosure is that the Borrower must tender or offer to tender a sum sufficient to cure the default. *United States Cold Storage v. Great Western Savings & Loan Association*, 165 Cal.App.3d 1214, 1225 (1985); *see also Karlsen v. American Savings & Loan Association* (1971) 15 Cal.App.3d 112 (1971); *Abdallah v. United Sav. Bank* (1996) 43 Cal.App.4th 1101, 1109.

Here, Plaintiff fails to allege a full and unconditional tender of the amount owing under the DOT, or the means by which such payment will be accomplished, as required by California law. Instead, Plaintiff argues in his opposition that the acceptance of alleged modified payments under the trial plan are sufficient tender. *See* Opposition, 15:3-20. Plaintiff fails to understand that the offer to tender must be for a sum sufficient to cure the entire default, not merely an allegation that partial monthly payments were made. *United States Cold Storage v. Great Western Savings & Loan Association*, 165 Cal.App.3d 1214 (1985). A full and valid tender of the amount due under the note and deed of trust foreclosed upon is a necessary prerequisite to an action challenging or seeking damages from a trustee's sale. *FPCI Re-Hab 01 v. E & G Investments*, 207 Cal.App.3d 1018, 1021-1024 (1989).

Additionally, the court in *Karlsen v. American Savings & Loan Association*, 15 Cal.App.3d 112 (1971) stated, "A tender of payment is of no effect if the offerer does not have the present ability to make the tender good." In addition to filing to allege an

offer of tender, Plaintiff offers nothing in the Complaint towards whether Plaintiff can make the tender good. *See* Complaint.

In sum, equity requires Plaintiff to tender the entire indebtedness, which as of July 2, 2010 was $544.419.88. *See* RJN, Exhibit 5. Notwithstanding, Plaintiff fails to <u>allege that Plaintiff can fully and unconditionally tender this amount owing under the deed of trust, or the means by which Plaintiff will accomplish any such payment, as required by California law</u>. *See*, Complaint.

Therefore, for all the above reasons, Plaintiff's Wrongful Foreclosure claim must be dismissed without leave to amend.

### III. PLAINTIFF CANNOT STATE A CLAIM FOR QUIET TITLE

As set forth in Defendant's Motion to Dismiss, Plaintiff's Quiet Title claim fails to plead all the requisite elements set forth under California Code of Civil Procedure §761.020. This claim fails for this reason alone. *See* Motion to Dismiss, 9:7-14. Plaintiff's opposition fails to address this argument and this should be taken as a concession as to Defendant's argument. *See* Opposition, 23:17-22. Additionally, under California law, a plaintiff seeking to quiet title in the face of a foreclosure must allege tender or an offer of tender of the amount borrowed. *Arnolds Management Corp. v. Eischen,* 158 Cal.App.3d 575, 578 (1984). The action to determine adverse claims is an equitable action, and, generally, equitable principles apply. *Thomson v. Thomson,* 7 Cal. 2d 671 (1936); *Perkins v. Wakeham,* 86 Cal. 580 (1890); *Medeiros v. Medeiros,* 177 Cal. App. 2d 69 (3d Dist. 1960). Based on such equitable principals, a quiet title claim may be denied where a borrower does not offer to reimburse the lender for the unpaid debt in seeking to quiet title against the lender's security interest. *Aguilar v. Bocci,* 39 Cal.App.3d 475 (1974).

Plaintiff's quiet title cause of action fails because Plaintiff cannot quiet title without discharging his debt. The cloud upon title will persist until the debt is paid. *Aguilar,* 39 Cal.App.3d 475. Here, Plaintiff does not deny that he has not paid the balance

///

of the Loan. Plaintiff cannot seek equitable relief since Plaintiff has not done equity himself.

### IV. PLAINTIFF CANNOT STATE A CLAIM FOR BREACH OF ORAL CONTRACT OR BREACH OF CONTRACT

Again, to the extent Plaintiff's breach of contract cause of action is premised on the alleged oral representations of Defendant's representatives, such allegations are insufficient to establish the existence of a contract. To be sure, Plaintiff's cause of action fails for one critical reason: Plaintiff did not enter into an enforceable, written agreement with JPMorgan. A contract in writing may only be modified by a contract in writing. Cal. *Civ. Code* § 1698(a). Plaintiff cannot plead existence of an oral agreement to modify the terms of the Loan because such agreement must be in writing. *Secrest v. Security Nat. Mortg. Loan Trust 2002-2*, 167 Cal.App.4th 544, 547 (2008); *see also Newgent v. Wells Fargo Bank, N.A.*, 2010 WL 761236, * 5 (S.D.Cal. 2010) (*citing* to *Secrest* in affirming that California law requires agreements to modify loans to be in writing). Thus, if Defendant did in fact enter into a loan modification agreement with Plaintiff, such an agreement had to be in writing. Moreover, a contract must be supported by consideration, and doing or promising to do what one is already legally bound to do cannot be consideration for a promise. 1 Witkin, Summary 9th (1990) Contracts, § 221, p. 227. Based on the foregoing, even if there was a verbal agreement, which Defendant does not concede, such an "agreement" is not binding because Plaintiff does not allege that it was in writing or that it was supported by consideration.

Furthermore, numerous California courts have refused to recognize oral agreements to postpone foreclosure sales, or to modify loan agreements, for lack of consideration and/or writing in the promissory note and deed of trust context. *See id.* (alleged agreement to defer payment on property until pending litigation regarding property is resolved unenforceable absent a written modification, as required by California Civil Code Section 1698); *Stafford v. Russell*, 117 Cal.App.2d 326, (1953)

(oral agreement to postpone payment on note and deed of trust until pending litigation was completed must be in writing to be enforceable); *Karlsen v. American Savings And Loan Association*, 15 Cal.App.3d 112, 121 (1971) (oral agreement to postpone trustee's sale must be in writing to be enforceable). Plaintiff is unable to challenge these controlling decisions which address the almost identical scenario at issue in this action. Thus, since the purported agreement to forbear from foreclosing under the DOT was not in writing, it is unenforceable as set forth above. Accordingly, Plaintiff cannot maintain a claim for breach of oral contract under these allegations.

As for a claim for breach of a written contract, Plaintiff is required to set forth the terms of the contract that establish the obligation at issue. Specifically, the terms must be set out **verbatim** in the body of the Complaint, **or a copy of the contract must be attached** as an exhibit to the Complaint and incorporated by reference. See *FPI Dev., Inc. v. Nakashima*, 231 Cal.App.3d 367, 383 (1991). Finally, not only must the facts constituting the Defendant's breach be stated with certainty, but there must also be an allegation that the damage to Plaintiff resulting therein is legally actionable. *Gautier v. General Tel. Co.*, 234 Cal.App.2d 302, 305 (1965).

Plaintiff's opposition also fails to provide any argument to support a breach of written contract cause of action against Defendant. Again, a Plaintiff is required to set forth the terms of the contract that establish the obligation at issue. If the action is based on a written contract, the terms must be set out verbatim in the body of the Complaint, or a copy of the contract must be attached as an exhibit to the Complaint and incorporated by reference. *FPI Dev., Inc. v. Nakashima*, 231 Cal.App.3d 367, 383 (1991). Finally, not only must the facts constituting the Defendant's breach be stated with certainty, but there must also be an allegation that the resulting damage to Plaintiff is legally actionable. *Gautier v. General Tel. Co.*, 234 Cal.App.2d 302, 305 (1965).

Here, Plaintiff fails to allege the elements required to sufficient state a cause of action for breach of contract. Plaintiff does not quote the operative provisions of the

1  purported written contract verbatim and he does not attach the agreement itself to the
2  Complaint. Instead, Plaintiff seeks to rely upon a purported trial loan modification
3  plan and piece together a contract where there was none. See Opp., 25:23-26:4.
4  Defendant does not dispute that it offered Plaintiff a trial loan modification.
5  However, these alleged partial payments of amounts undisputedly due under
6  Plaintiffs' original note and secured by plaintiffs' property cannot--as a matter of
7  law--be considered bargained-for consideration. Because Plaintiff had a pre-existing
8  duty to perform under the terms of her loan, an alleged modification of that contract
9  with no additional consideration does not result in the formation of a new,
10 enforceable contract. See Cal. Civ. Code § 1698(c). Therefore, Plaintiff cannot rely
11 on an alleged "trial" modification plan to plead the existence of a written contract.

12    Furthermore, Plaintiff's vague and general statement that JPMorgan breached a
13 "promise not to foreclose" does not comply with the well-settled case law which
14 mandates that a Defendant be notified of what and/or how a contractual term were
15 breached. The Opposition to the instant Motion merely repeats Plaintiff's vague
16 allegations and fails as currently pleaded. Plaintiff fails to allege that he did all, or
17 substantially all of the things required of him pursuant to the contract. Taken as
18 pleaded, this cause of action fails.

19    Consequently, Plaintiff's breach of oral contract and breach of written contract
20 claims fail and are subject to dismissal with prejudice.

21  V.  **PLAINTIFF CANNOT STATE A CLAIM FOR PROMISSORY**
22      **ESTOPPEL**

23    Plaintiff's opposition also does nothing to cure his promissory estoppels claim.
24 In his opposition, Plaintiff references cases which he argues support a finding of
25 promissory estoppel. See Opposition, 27:15-28:11. However, Plaintiff fails to
26 identify how his Complaint, which is at issue in this current motion, has sufficiently
27 plead the elements of promissory estoppel. As set forth in the Motion to Dismiss,
28 Plaintiff fails to allege (1) a promise clear and unambiguous in its terms; (2) reliance

by the party to whom the promise is made; (3) reasonable and foreseeable reliance; and (4) the party asserting the estoppel must be injured by his reliance. *Thomson v. International Alliance of Stage Employees* (1965) 232 Cal. App. 2d 446, 454.

Here, Plaintiff seeks to rely on promises relating to a permanent modification but he fails to identify a clear promise by either JPMorgan or QLS that Plaintiff would automatically receive a permanent loan modification. *See* Complaint, ¶¶82-88. Thus, any reliance by Plaintiff was not reasonable on the facts as pleaded. As such, Plaintiff's promissory estoppel claim fails and is subject to dismissal.

## VI. PLAINTIFF CANNOT STATE A CLAIM FOR NEGLIGENCE

As stated in the Motion to Dismiss, Plaintiff's claim for negligence fails as a matter of law as Defendant does not owe Plaintiff a legal duty. Again, an essential element of a claim for negligence is that Defendant is under a legal duty to use reasonable care. *Mendoza v. City of Los Angeles*, 66 Cal.App.4th 1333, 1339 (1998) (citation omitted). "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1095 (1991).

Defendant was not involved in the origination of the subject Loan. *See,* RJN, Exhibit 1. Nevertheless, even if Defendant was a lender of the Loan, Defendant would still not owe Plaintiff a legal duty. "As a general rule, a financial institution owed no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money[.]" *See, Nymark v. Heart Fed. Savings & Loan Assn.,* , 231 Cal.App.3d at 1096; *see also, Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476 (1989). Because does not owe Plaintiff a legal duty, Plaintiff's claim for negligence is subject to dismissal as a matter of law.

## VII. PLAINTIFF CANNOT STATE A CLAIM FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff's Opposition also does nothing to save his claim under The Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). As set forth in the Motion to Dismiss, the RFDCPA incorporates the federal Fair Debt Collection Practices Act ("FDCPA") and was designed to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." Cal. Civ. Code § 1788 *et seq.* The purpose of the RFDCPA is simply to place a reasonable limit on the kinds of activities that creditors and debt collection agencies can employ to obtain payment of debts. *See generally,* Cal. Civ. Code § 1788.1.

Under the RFDCPA, creditors and debt collection agencies are permitted to take reasonable steps to enforce and collect payments of debts. *See generally,* Cal. Civ. Code § 1788.12. The RFDCPA precludes a "debt collector" from collecting, or attempting to collect, from a "debtor" on a consumer debt in a threatening or harassing manner. *See,* Cal. Civ. Code § 1788, et seq. More importantly, the activity of foreclosing on the property pursuant to a deed of trust constitutes the collection of a debt within the meaning of the FDCPA. *Hulse v. Ocwen Fed. Bank, FSB,* 195 F.Supp.2d 1188, 1204 (D.Or.2002).

Plaintiff attempts to get around this by arguing that Defendants violated the RFDCPA by collecting the monthly payments under the trial modification plan. *See* Complaint, ¶111. However, Plaintiff alleges throughout his Complaint and Opposition that Defendant accepted such payments in exchange for a postponement of foreclosure proceedings. Plaintiff cannot have the proverbial cake and eat it to. Plaintiff, therefore, does not dispute that such alleged trial mod payments were made in association with the foreclosure of the Subject Property. Therefore, Plaintiff's twelfth cause of action solely arises from the actions allegedly undertaken by Defendant in pursuit of the foreclosure of the Subject Property, which is not a debt collection within the meaning of the FDCPA, and in turn, cannot be a debt collection

1  within the RFDCPA based upon the reasoning of *Heinemann* and *Hulse*.
2  Consequently, the twelfth cause of action for alleged violation of the Rosenthal Act
3  must be dismissed without leave to amend.

### VIII. PLAINTIFF CANNOT STATE A CLAIM FOR UNFAIR PRACTICES UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200

Plaintiff also fails to present any argument to support his claim under Business and Professions Code Section 17200, et seq. In the Opposition, Plaintiff argues, without citing to any relevant authorities, that "all that is necessary to establish a violation of B&P 17200 Et Seq. is to show that Defendant is a business engaged in acts or practices that are unlawful, fraudulent, and unfair. *See* Opposition, 30:23-28. However, as set forth in the Motion to Dismiss, a plaintiff alleging "unfair" business practices under these statutes must **state with reasonable particularity** the facts supporting the statutory elements of the violation. *Khoury v. Maly's of California*, 14 Cal.App.4th 612, 619 (1993). Here, Plaintiff fails to allege any wrongdoing by Defendant beyond general allegations that defendants engaged in unfair, unlawful, and fraudulent conduct. *See*, Complaint, ¶¶ 115, 116, 125.

In alleging a claim for unlawful business practice under Section 17200, the plaintiff must allege <u>facts</u> to demonstrate that the practice violates the underlying law, or "borrowed claim." *See, People v. McKale,* 25 Cal.3d 626, 635 (1979); *Khoury v. Maly's of California*, 14 Cal.App.4th 612, 619 (1993) ( A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation).
Even if Plaintiff could properly allege an unfair or fraudulent business practice, he fails to make any showing that he has lost any money or property as a result of such alleged unlawful practices or unfair competition. *See* Opposition, 30:23-31:6. Without such an allegation, Plaintiff has no standing to state a claim under B&P Code

Section 17200. *See Californians For Disability Rights v. Mervyn's, LLC*, 39 Cal.4th 223, 228 (2006).

Accordingly, Plaintiff cannot state a claim for violation of Section 17200.

### IX. PLAINTIFF'S REMAINING CLAIMS FAIL AS PLAINTIFF FAILED TO PROPERLY REFUTE THE MOTION TO DISMISS THESE CLAIMS

As discussed at length in the Motion to Dismiss, Plaintiff fails adequately to allege claims for "Slander of Title", "Negligent Misrepresentation", "Fraud", "Constructive Trust", "Declaratory Relief", Cancellation of Written Instruments, "Turnover", "Avoidance", and "Recovery and Possession." Each claim asserted by Plaintiff fails to state facts sufficient to state a claim against Defendant.

Further, Plaintiff's opposition does not substantively address the contentions of Defendant or specify how such claims can survive the Defendant's Motion to Dismiss. Therefore, Defendant's Motion to Dismiss as to all these claims should be dismissed with prejudice.

### X. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed without leave to amend.

DATED: August 8, 2011

ALVARADOSMITH
A Professional Corporation

By: /s/ S. Christopher Yoo
S. CHRISTOPHER YOO
SASAN MIRKARIMI
Attorneys for Defendant
JPMORGAN CHASE BANK. N.A.

12
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
1217738.2

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

*Sibrian, Cosme V JPMorgan Chase Bank, N.A., et al.*
USDC (Central) Case No.: CV11 0293 RSWL SSx

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **AlvaradoSmith, 1 MacArthur Place, Santa Ana, CA 92707.**

ON AUGUST 8, 2011, I SERVED THE FOREGOING DOCUMENT DESCRIBED AS: ***REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM*** ON THE INTERESTED PARTIES IN THIS ACTION.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☒ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on August 8, 2011, at Santa Ana, California.

_____
SHARON POLK

PROOF OF SERVICE

1194465.1

**SERVICE LIST**
*Sibrian, Cosme V JPMorgan Chase Bank, N.A., et al.*
USDC (Central) Case No.: CV11 0293 RSWL SSx

| | |
|---|---|
| Giovanni Orantes | T: 213.389.4362 |
| ORANTES LAW FIRM, P.C. | F: 877.789.5776 |
| 3435 Wilshire Boulevard, Suite 1980 | |
| Los Angeles, CA 90010 | ***Attorney for Plaintiff*** |
| AL109.2389 | |