1  GIOVANNI ORANTES – State Bar No. 190060
   **ORANTES LAW FIRM, P.C.**
2  3435 Wilshire Blvd. Suite 1980
   Los Angeles, CA 90010
3  Telephone: (213) 389-4362
   Facsimile:  (877) 789-5776
4
   Counsel for Plaintiff,
5  Cosme Rafael Sibrian

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

COSME RAFAEL SIBRIAN,

Plaintiff,

vs.

JPMORGAN CHASE, N.A., A NEW YORK CORPORATION; QUALITY LOAN SERVICES, A CALIFORNIA CORPORATION, AND DOES 1-10,

Defendants.

Case No. CV11-02903 VBF SSx

Assigned to Hon. Valerie Baker Fairbank

**RESPONSE TO ORDER TO SHOW CAUSE FOR DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

DATE: September 6, 2011
TIME: 4:00 p.m.
Ctrm: 11

**TO THE HONORABLE VALERIE BAKER FAIRBANK, UNITED STATES DISTRICT COURT JUDGE, INTERESTED PARTIES AND ATTORNEYS OF RECORD:**

Cosme Rafael Sibrian, the plaintiff herein, hereby files his RESPONSE TO ORDER TO SHOW CAUSE FOR DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION issued by Minute Order dated August 17, 2011 and states as follows:

///

///

///

1. This Court has several bases for continuing subject matter jurisdiction over this litigation.

2. Without going into all the details of Mr. Sibrian's verified Complaint, the complaint states that Defendants foreclosed against Mr. Sibrian's home even though they were in the process of a loan modification without providing him notice of the impending sale and then proceeded to foreclose without following the strict procedure required by the California foreclosure procedures.  Mr. Sibrian filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code on January 12, 2011 and notified Defendant JPMorgan Chase and its agent, Defendant Quality Loan Services Corporation of the filing of the bankruptcy petition by no later than January 13, 2011.  Indeed, Quality Loan Services acknowledged in writing that it received a letter presumably via U.S. Mail providing notice of the bankruptcy proceeding no later than January 20, 2011.  Despite that, soon after January 19, 2011 and in the days that followed, even though the automatic stay under Section 362 of the Bankruptcy Code prohibited such action, Defendant JP Morgan Chase, N.A. filed an unlawful detainer complaint, Case No. 11U00177, in the Superior Court of the State of California and handed a notice to vacate to the two tenants of Mr. Sibrian's apartments, including the tenants of Apartment A, Rosa Ramos and Jaime Cardona, who stopped making their rental payments of $1,000 since that time.  In other words, Ms. Ramos and Mr. Cardona did not pay their $1,000 monthly rent in February, 2011 or March 2011 and have expressed their intention in humiliating and demeaning terms not to make any rent payments to Mr. Sibrian thereafter.  Mr. Sibrian has been damaged and has lost income as a result.

3. Consequently, the majority of Mr. Sibrian's claims in the verified Complaint relate to the adjudication of his claims against the Defendants for damages and to restore his title to his house.  In addition, Mr. Sibrian alleged a claim under the Bankruptcy Code for Automatic Stay Violation, among others, which explains that at the time of the filing of his bankruptcy, Mr. Sibrian at least had a possessory interest in the Home.  Section 541 of the Bankruptcy Code describes property of the estate in the broadest possible terms.  As

such, even a violation against Mr. Sibrian's possessory interest <u>intentionally</u> violated the automatic stay and warrants sanctions, especially in this case when the trustee sale was conducted improperly and the Defendants never provided appropriate notice of the unlawful detainer action to Mr. Sibrian, who was certainly represented by this Counsel when the Defendants commenced the unlawful detainer that culminated in eviction.  11 U.S.C. § 362.  Indeed, as the automatic stay 11 U.S.C.§ 362 imposes an <u>affirmative duty</u> on parties such as the defendants to comply with the stay <u>and</u> to ensure that their acts or omissions do not prolong a violation of the stay (such as continuing to exercise control over previously garnished or levied funds), the attempts to evict Mr. Sibrian and exercising control over his property by serving notices to vacate to his tenants were also intentionally violative of the automatic stay. *Sternberg v. Johnson,* 98F. 3d1147 (2009).

   4. It is well established that dismissal of the underlying bankruptcy case does not affect the court's jurisdiction over an action for damages for willful violation of the automatic stay.  *In re Fernandez,* 227 B.R. 174, 179 (9th Cir. BAP 1998); *In re Javens*, 107 F.3d 359, 364, fn. 2 (6th Cir. 1997).  Please note that several cases talk about the "bankruptcy court's" jurisdiction; however, since U.S. District Courts have original jurisdiction over bankruptcy matters under 28 U.S.C. § 1334(a) and confer jurisdiction on the bankruptcy court by operation of a channeling general order (General Order No. 266), such discussion about jurisdiction directly address this District Court's jurisdiction as the present Complaint was filed in this Court during the pendency of the bankruptcy case instead of filing it in the bankruptcy court because it requires a jury trial and involves claims to adjudicate which the bankruptcy court (which is presided by a non-Article III judge) may not have sufficient authority as recently ruled by the U.S. Supreme Court in the Ana Nicole Smith litigation.  *Stern v. Marshall*, 2011 Westlaw 2472792 (U.S.).

   5. Equally important is the fact that this Court has authority to retain jurisdiction despite dismissal of the bankruptcy case over proceedings related to the bankruptcy (e.g., debtor's claims against third party) in the interests of judicial economy, fairness,

1  convenience and comity.  *In re Carraher*, 971 F.2d 327, 328-329 (9th Cir. 1992); *In re*
2  *Porges*, 44 F.3d 159, 162-163 (2nd Cir. 1995).

3       6.    Furthermore, the Court has supplemental jurisdiction under 28 U.S.C. § 1367
4  over any State causes of action in light of its original jurisdiction over the claims under the
5  Bankruptcy Code.

6       7.    Therefore, since the current litigation has already been ongoing for several
7  months, it makes claims to determine the claims of Mr. Sibrian against third parties, and
8  contains claims over which this Court has original jurisdiction, the Court, indeed, has
9  subject matter jurisdiction to adjudicate this litigation.

10      8.    Besides, even though Mr. Sibrian's case under Chapter 13 of the Bankruptcy
11 Code has been dismissed, nothing prevents Mr. Sibrian from moving to reopen such case
12 once this Court adjudicates his claims against the Defendants herein or from simply filing a
13 new case under either Chapter 13 or Chapter 11 of the Bankruptcy Code to tender payments
14 to the rightful holder of the lien against his home.  As a bankruptcy practitioner since 1999,
15 Mr. Cosme's counsel is committed to facilitate Mr. Sibrian's reorganization under either
16 Chapter to enable him to retain his home while, of course, making payments to the rightful
17 creditor.

18     For the reasons more fully set forth hereinabove, Mr. Sibrian respectfully submits
19 that grounds exist to dissolve or vacate the order to show cause.

20
21 DATED:  August 25, 2011        THE **ORANTES LAW FIRM, P.C.**
22
23         By: /s/ Giovanni Orantes
             Giovanni Orantes
24         Attorneys for Debtor and Plaintiff
25
26
27
28

-3-

**PROOF OF SERVICE**

I Claudia M. Hurtado, the undersigned, certify and declare that I am over the age of 18 years, employed in the Los Angeles County of the State of California, and am not a party to the above-entitled cause. On **August 25, 2011**, I served a true copy of ***RESPONSE TO ORDER TO SHOW CAUSE FOR DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION*** on each of the interested parties stated below:

  S. Christopher Yoo
  Sasan Mirkarimi
  1 MacArthur Place, Suite 200
  Santa Ana, CA 92707
  smirkarimi@alvaradosmith.com

by the following means of service:

☒ **BY MAIL**: I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. Under that practice it would be deposited with the U.S. Postal Service on that same date with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE**: On_____ 2011, from _____, California, I caused each such document to be transmitted by facsimile machine, to the parties and numbers indicated above. To the best of my knowledge, the transmission was reported as complete, and no error was reported by the facsimile machine. A copy of the transmission record is maintained by our office.

☐ **BY FEDERAL EXPRESS OR UNITED STATES POSTAL EXPRESS MAIL:** On the above-mentioned date, I placed a true copy of the above mentioned document(s), in a sealed envelope or package designated by either Federal Express or the United States Postal Service with delivery fees paid or provided for, addressed to the person(s) as indicated above and deposited same in a box or other facility regularly maintained by Federal Express or the United States Postal Service or delivered same to an authorized courier or driver authorized by Federal Express or the United States Postal Service to receive documents.

☒ **BY ELECTRONIC MAIL:** Either: (1) as evidenced by the filing confirmation or Notice of Electronic Filing generated by this Court's CM/ECF filing system; or (2) by sending a PDF copy of this document via electronic correspondence, read receipt requested.

  smirkarimi@alvaradosmith.com

☐ **BY PERSONAL SERVICE:** I such document by hand to the office of the addressee.

I am employed in the office of Giovanni Orantes Esq., Orantes Law Firm, P.C., a member of the bar of this court.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

 Executed On August 25, 2011.        _____
                                      Claudia M. Hurtado

-1-